# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TONY D. WALKER,**
      **Plaintiff,**

     v.                                                                 Case No. 15-cv-1093

**TWIN CITIES FINANCIAL
(TCF BANKS), et al.**
      **Defendants.**

## SCREENING ORDER

The plaintiff, a Wisconsin state prisoner, filed a pro se complaint pursuant to 42 U.S.C. § 1983 alleging that the defendants violated his Fourth and Fifth Amendment rights. This matter is before me on the plaintiff's motion for leave to proceed in forma pauperis and for screening of his complaint.

The Prison Litigation Reform Act gives courts discretion to allow prisoners to proceed with their lawsuits without pre-paying the $350 filing fee, as long as they comply with certain requirements.[1] 28 U.S.C. §1915. One of those requirements is that the prisoner pay an initial partial filing fee. On September 17, 2015, I assessed an initial partial filing fee of $3.55. On September 24, 2015, plaintiff filed a motion for reconsideration, asking that I waive the requirement that he pay the initial partial filing fee because he lacked the means to do so. Section 1915(b)(4) states, "[i]n no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and

---

[1] Plaintiff incurred a "third strike" as of September 21, 2015, which means that he may no longer bring a civil action or appeal a judgment without first paying, up front, all filing fees, unless he can prove that he is under imminent danger of serious physical injury. 28 U.S.C. §1915(g). That said, plaintiff filed this complaint on September 8, 2015, prior to receiving his third strike, so he is still eligible to proceed in forma pauperis in this action.

no means by which to pay the initial partial filing fee." I conclude that plaintiff lacks the means to pay an initial partial filing fee, so I will waive that requirement and allow plaintiff to pay the entire $350 over time in installments as described at the end of this order. His motion for reconsideration will be granted.

Pursuant to 28 U.S.C. § 1915(e)(2), federal courts are authorized to dismiss a complaint that is filed in forma pauperis if a plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). A court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

2

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

The plaintiff alleges that, on December 8, 2008, he opened an account at a branch of TCF Bank located in Greenfield, Wisconsin. On December 22, 2008, he made a purchase at a jewelry store in the amount of $981.76. The plaintiff alleges that he did not use funds from his TCF account to make the purchase. However, for reasons the plaintiff does not explain, he recorded the purchase in his TCF account register as a withdrawal. The plaintiff was then arrested on December 29, 2008 in connection with unspecified crimes. The plaintiff had his account register with him at the time of the arrest. Although the plaintiff alleges that his arrest was unrelated to his bank account, he also alleges that the detectives who arrested him allowed an employee of the TCF Bank branch in Greenfield (who is identified only as "John/Jane Doe") to view his account register and to record the information it contained. Compl. ¶ 9. The plaintiff alleges that this employee then "decided to intentionally reduce plaintiff's money in his account by $981.76." Id. The plaintiff alleges that he has been incarcerated since January 2009 and only recently learned of this reduction. Upon learning of the reduction, he wrote letters to TCF Bank and received unsatisfactory responses from two "customer response representatives." These representatives are identified in the complaint as "Jillian K." and "Eric M."

3

In this lawsuit, the plaintiff alleges claims based on the deduction of $981.76 from his TCF account. The plaintiff names as defendants TCF Bank, the two customer-service representatives, and the branch employee identified as John/Jane Doe. He asserts claims against them under § 1983 for the violation of his Fourth and Fifth Amendment rights. Compl. ¶¶ 29–30. However, all of the defendants are private parties,[2] and no allegation of the complaint alleges (or gives rise to a reasonable inference) that any of them were acting under color of state law when they deducted the money from his account. For this reason, the plaintiff has failed to state a claim for relief under § 1983. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (to state a claim under § 1983, a plaintiff must allege that the defendant acted under color of state law). Indeed, because it is well-established that private parties are not liable under § 1983 for acts not taken under color of state law, the plaintiff's federal claims are wholly insubstantial and frivolous and therefore do not even engage the subject-matter jurisdiction of this court. See, e.g., Avila v. Pappas, 591 F.3d 552, 553 (7th Cir. 2010) ("When the federal theories are insubstantial in the sense that 'prior decisions inescapably render the claims frivolous,' there is no federal jurisdiction."); Johnson v. Orr, 551 F.3d 564, 570 (7th Cir. 2008) ("if a claim that purportedly arises under a federal statute is 'wholly insubstantial and frivolous,' then the court must dismiss that claim for lack of subject matter jurisdiction"); see also Bovee v. Broom, 732 F.3d 743, 744 (7th Cir. 2013) (implying that § 1983 claim is insubstantial and frivolous when asserted against person not alleged to have acted under color of state law).

---

[2] The police detectives mentioned in the body of the complaint are not named as defendants and are not alleged to have done anything unlawful.

4

The plaintiff also seems to contend that the defendants are liable to him under state law. In the opening paragraph of his complaint, the plaintiff states that this action involves violations of his "Wisconsin constitutional and state law rights." Compl. ¶ 1. However, he does not explicitly identify any state-law legal theories in the body of his complaint. Still, the complaint could be construed as stating a state-law claim for conversion or civil theft against the defendants, and possibly also a claim for negligence. But in order to proceed with a state-law claim in federal court, the plaintiff must point to a basis for subject-matter jurisdiction. Had the plaintiff asserted a viable federal claim, I might have exercised supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367. However, as noted, the plaintiff's federal claims are so feeble that they do not even arise under federal law, and therefore I cannot exercise supplemental jurisdiction over the state-law claims.[3]

The plaintiff alleges that I may exercise diversity jurisdiction over the state-law claims. Compl. ¶ 2. Before I could exercise such jurisdiction, however, the allegations of the complaint would have to show that the parties are diverse and that the amount in controversy exceeds $75,000. E.g., El v. AmeriCredit Fin. Servs., Inc., 710 F.3d 748, 752 (7th Cir. 2013). The plaintiff alleges that he is a citizen of Wisconsin and that TCF Bank is incorporated in Minnesota and has its corporate headquarters there. Compl. ¶ 3. Assuming that this allegation is sufficient to allege diversity between the plaintiff and TCF

---

[3]To the extent that I am mistaken about the federal claims being wholly insubstantial and frivolous, such that the federal claims should have been dismissed on the merits rather than for lack of subject-matter jurisdiction, I would decline to exercise supplemental jurisdiction over the remaining state-law claims under § 1367(c)(3).

5

Bank,[4] the plaintiff must allege complete diversity, i.e., that none of the defendants are citizens of Wisconsin. See Howell by Goerdt v. Tribune Entertainment Co., 106 F.3d 215, 217 (7th Cir. 1997). The remaining three defendants are individuals, and the citizenship of an individual is determined by his or her domicile. See, e.g., Hunter v. Amin, 583 F.3d 486, 491 (7th Cir. 2009). However, the plaintiff does not identify the domiciles of the individual defendants. The plaintiff alleges that the two customer-service representatives work in Minnesota, but it does not follow from this that they are domiciled there. Moreover, the John/Jane Doe defendant is alleged to work in Greenfield, Wisconsin. Thus, if an individual's place of business were evidence of his or her domicile, it would appear that the parties to this case are not completely diverse.[5]

Further, the allegations of the complaint do not show that the amount in controversy exceeds $75,000. The plaintiff's actual loss in this case is only $981.76. Despite this, the plaintiff alleges that he is entitled to compensatory damages of $50,000 and punitive damages of $5 million. Compl. at p. 8. These amounts seem to be based on the plaintiff's allegation that the defendants' actions caused him to suffer emotional distress. Compl. ¶ 31. However, it is clear that the plaintiff's estimate of his claim's worth is fanciful; the

---

[4]TCF Bank is likely a national banking association. If it is, then for jurisdictional purposes it would be a citizen of the state in which its main office, as set forth in its articles of association, is located. Wachovia Bank v. Schmidt, 546 U.S. 303, 307 (2006).

[5]A related problem is that John/Jane Doe defendants are usually not permitted in diversity suits because their citizenship is unknown. Howell, 106 F.3d at 218.

allegations of the complaint could not possibly result in a judgment for more than $74,000 in emotional-distress and punitive damages. Thus, I conclude that the amount-in-controversy requirement has not been satisfied. See Del Vecchio v. Conseco, Inc., 230 F.3d 974, 978–79 (2000) (estimates of amount-in-controversy that "vastly exceed[] the apparent amount at stake" must be assessed critically; "otherwise, the statutory limits on federal court jurisdiction could be undermined"); Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 403 (3d Cir. 2004) (stating that "estimations of the amounts recoverable must be realistic . . . and not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts").

Finally, I note that no amendment to the complaint could cure some of its defects, and therefore I will not grant him leave to amend and will dismiss this action in its entirety for lack of jurisdiction. See Arnett v. Webster, 658 F.3d 742, 756 (7th Cir. 2011) (noting that a district court should consider granting a pro se litigant leave to amend when a dismissed complaint's defects might be cured). Although an amendment might cure the defective jurisdictional allegations relating to the citizenship of the defendants, it is clear that the amount in controversy does not exceed $75,000 and that the defendants, as private parties, are not liable under § 1983. No amendment to the complaint could cure these problems.

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that the complaint and this action are **DISMISSED** for lack of subject-matter jurisdiction.

7

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to proceed <u>in forma pauperis</u> is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for reconsideration of the court's assessment of an initial partial filing fee is **GRANTED.**

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $350.00 filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**FINALLY, IT IS ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined.

Dated at Milwaukee, Wisconsin, this 14th day of October, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge

8